IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEROME MOORE,)
)
        Plaintiff,)
)
  -vs-)   Civil Action No.  18-280
)
NANCY A. BERRYHILL,[1])
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos.11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Helen Valkavich, held a hearing on December 28, 2016. (ECF No. 8-3, pp. 2-45). On February 24, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 21-34).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

After exhausting administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Grid Rule 203.10

Plaintiff argues the ALJ erred in her application of the Grid Rules. (ECF No. 11). To that end, Plaintiff suggests that, pursuant to the ALJ's own findings of fact, Grid Rule 203.10 applies because the ALJ found that he can perform medium work, is at an advanced age (55-59), is of

---

[2]RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

limited education, and has no past relevant work. *Id.* Under this scenario, Plaintiff argues that the Grids dictate a finding of disabled. *Id.* As a result, Plaintiff submits that reversal with an award of disability is required. *Id.* at pp. 4-5.

"In 1978,…,the Secretary promulgated, through an administrative rulemaking, medical-vocational guidelines, or 'grids,' that establish the types and number of jobs that exist in the national economy for claimants with exertional impairments." *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Grids, however, "may not be applied conclusively where the claimant does not fall squarely within all of the criteria of a specific rule, i.e., because his or her exertional limitations prevent the performance of the full range of work within a regulatory [residual functional capacity] category or because a claimant does not fit sparely within a particular vocational classification." *Castellano v. Berryhill*, No. 17-1035, 2018 WL 4441800, at *9 (M.D. Pa. Aug. 24, 2018), report and recommendation adopted, No. 17-1035, 2018 WL 4404654 (M.D. Pa. Sept. 17, 2018). *See,* 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with ***all of the criteria of a particular rule***, the rule directs a conclusion as to whether the individual is or is not disabled….Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply….In any instance where a rule does not apply, full consideration must be given to all of the relevant facts of the case….

20 C.F.R. Pt. 404, Subpt. P, App'x 2. As the ALJ pointed out:

> When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decision making unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).

(ECF No. 8-2, p. 33).

4

In this case, the ALJ specifically found Plaintiff had the RFC to perform medium work (with exceptions); that he has no past relevant work, that was an individual of advanced age at onset date; and has a limited education.[3] (ECF No. 8-2, pp. 26, 32). Rather than applying Rule 203.10, however, the ALJ looked to Rule 203.14. (ECF No. 8-2, p. 33). Rule 203.14 applies to a plaintiff who can perform medium work, has no past work or unskilled past work, is of advanced age and has an education of a high school graduate or more.[4] 20 C.F.R. Pt. 404, Subpt. P, App'x 2, Rule 203.14. Thus, the difference between the application of Rule 203.10 and Rule 203.14 is the education level.

In response, Defendant agrees that if Plaintiff had a "limited education," then the Grids would dictate a finding of disabled. (ECF No. 13, p. 1). Defendant submits, however, that the ALJ's use of the term "limited education" in paragraph 8 of the ALJ's opinion is a scrivener's error. (ECF No. 13, p. 1). Defendant further suggests that the ALJ corrected her scrivener's error "by evaluating Plaintiff's case under Medical Vocation[al] Rule 203.14, which applies to individuals with a medium work capacity and a *high school education*…." (ECF No. 13, p. 7)(emphasis in original). In support of the same, Defendant cites to various references in the record that suggest Plaintiff graduated from high school. *Id.* at pp. 1, 6. The ALJ, however, never referenced any of that specific evidence as it relates to Plaintiff's education level. *See,* ECF No. 8-2, pp. 21-34. While it is true that the ALJ made references to the Plaintiff's ability to read and write and check books out of the library, the ALJ never made any reference to Plaintiff's education in high school or the level completed. *See,* ECF No. 8-2, pp. 21-34. Plaintiff's high school records are not a

---

[3]Applying the grids to this particular set of facts, a finding of disabled is warranted under Rule 203.10. 20 C.F.R. Pt. 404, Subpt. P, App'x 2, Rule 203.10.

[4]Rule 203.14 would require a finding of not disabled, if a plaintiff could perform the full range of medium work. *Id.* Since Plaintiff in this case cannot perform the full range of medium work, the ALJ sought the testimony of a vocational expert ("VE") to aid in her determination of a finding of not disabled. (ECF No. 8-2, p. 33).

part of the record. It is well established that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943). As such, "'[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision; the Commissioner may not offer a post-hoc rationalization." *Keiderling v. Astrue,* No. Civ.A. 07–2237, 2008 WL 2120154, at *3 (E.D.Pa. May 20, 2008) (*quoting Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir.2000)); *See, Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir.2001). As a result, I cannot find that the ALJ's apparent conflict was based on a scrivener's error.

Nonetheless, there is an evident conflict between the ALJ's finding that Plaintiff has a "limited education," and her application of Rule 203.14 (which requires a high school graduate level of education). I cannot tell if the ALJ rejected Plaintiff's testimony and the evidence related to his level of education or if the ALJ considered it and found Plaintiff to be of limited education despite the same.[5] An ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and

---

[5] I note that the hearing transcript reveals the vocational expert was at the hearing and heard Plaintiff's testimony regarding his education. (ECF No. 8-3, pp. 8-9). Plaintiff's education was never discussed again until the ALJ asked the VE the hypothetical question considering a person with Plaintiff's education. (ECF No. 8-3, p. 40).

analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g).  *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. As a result, I am unable to conduct a proper and meaningful review.   Therefore, remand is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEROME MOORE,  )
 )
       Plaintiff,  )
 )
-vs-  )   Civil Action No. 18-280
 )
NANCY A. BERRYHILL,[6]  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
       Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 5th day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.